IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**J. T. BLAKNEY**                                                                                       **PLAINTIFF**

**v.**                                              **CAUSE NO. 1:16CV357-LG-RHW**

**SARTIN'S DISCOUNT DRUGS**                                   **DEFENDANT**

## ORDER OF DISMISSAL

This matter is before the Court *sua sponte* for consideration of dismissal pursuant to Federal Rule of Civil Procedure 41(b) of the Complaint [1] filed by *pro se* Plaintiff J.T. Blakney. The Court previously informed Blakney that he failed to provide a name or address to issue summons and effect service of process, and failed to allege any specific facts explaining how Defendant Sartin's Discount Drugs violated his privacy rights. The Court thus ordered Plaintiff to file a notice of name and address for service of process on Sartin's, and an amended complaint containing specific factual allegations demonstrating the manner in which Sartin's allegedly violated his privacy rights. Blakney has never responded to the Order [3] and the time for doing so expired over a month ago. Therefore, the Court finds that Blakney's action should be dismissed for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

Federal Rule of Civil Procedure 41(b) states:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision

1

    (b) . . . operates as an adjudication on the merits.

"A district court may dismiss an action *sua sponte* under Fed. R. Civ. P. 41(b) for failure to comply with a court order." *Long v. Simmons*, 77 F.3d 878, 879 (5th Cir. 1996). In addition, courts have long held the authority to dismiss an action for the plaintiff's failure to prosecute "in order to prevent undue delays in the disposition of pending cases and to . . . clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962).

  Here, Magistrate Judge Walker ordered Blakney in writing on December 14, 2016 to provide certain information for service of process and to file an amended complaint by December 30, 2016. Judge Walker also warned Blakney that "failure to respond to this Order and/or failure to file the requested pleadings in a timely manner will result in the dismissal of his lawsuit for failure to prosecute." (Ord. Req. Add. Info. at 2, ECF No. 3). Blakney has not responded to the Order or filed the requested pleading, and has not otherwise contacted the Court or attempted to prevent this action from being dismissed.

  Blakney filed this lawsuit; it is his responsibility to prosecute it, and he has not done so. Accordingly, the Court finds dismissal of this action proper under Federal Rule of Civil Procedure 41(b). *See Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998).

  **IT IS THEREFORE ORDERED AND ADJUDGED** that this action is **DISMISSED WITHOUT PREJUDICE**. The Clerk is **ORDERED** to mail a copy of

this Order to Plaintiff at the address provided.

**SO ORDERED AND ADJUDGED** this the 1st day of February, 2017.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE